UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ELLIOT A. WRIGHT,

                       Plaintiff,

v.                                                   1:23-cv-00696 (AMN/DJS)

MITSUBISHI HC CAPITAL AMERICA and
CUMMINS INC.,

                       Defendants.

---

**APPEARANCES:**                                    **OF COUNSEL:**

**ELLIOT A. WRIGHT**
350 Leedale Street
Bsmnt Apt.
Albany, NY 12205
Plaintiff/Counter-defendant, *pro se*

**KYE LAW GROUP, P.C.**                       **MATTHEW F. KYE, ESQ.**
201 Old Country Road
Suite 120
Melville, NY 11747
*Attorneys for Defendant/Counterclaimant*
*Mitsubishi HC Capital America*

**HODGSON, RUSS LAW FIRM**               **MICHELLE L. MEROLA, ESQ.**
60 Railroad Place, Suite 300
Saratoga Springs, NY 12866
*Attorneys for Defendant Cummins Inc.*

**Hon. Anne M. Nardacci, United States District Judge:**

## ORDER

The Court is in receipt of Defendant Cummins Inc.'s Motion to Dismiss, Dkt. No. 11, Plaintiff Wright's initial Motion for Leave to Amend/Summary Judgment ("First Motion to Amend"), Dkt. No. 14, Defendant Cummins Inc.'s Opposition to Plaintiff's Motion to Amend the Complaint, Dkt. No. 17, Plaintiff Wright's SAC/Motion for Leave to Amend/Summary Judgment

("Second Motion to Amend"), Dkt. No. 21, Defendant Mitsubishi HC Capital America's Answer and Counterclaims, Dkt. No. 26, Defendant Cummins Inc.'s Answer and Affirmative Defenses, Dkt. No. 29, and Plaintiff Wright's Answer to Answer/Counterclaim, Dkt. No. 32.

First, Defendant Cummins Inc.'s Motion to Dismiss, Dkt. No. 11, is denied as mooted by Plaintiff Wright's First Motion to Amend, Dkt. No. 14, *see Akinlawon v. Polanco*, No. 21-CV-2621 (KMK), 2022 WL 3646004, at *1 (S.D.N.Y. Aug. 24, 2022) (finding a motion to dismiss moot where an amended complaint as of right was filed), Plaintiff Wright's Second Motion to Amend, Dkt. No. 21, *see McGrier v. Capitol Cardiology*, 1:20-CV-1044 (LEK/DJS), 2021 WL 3552524, at *3 (N.D.N.Y. Aug. 11, 2021) (finding "the preferred course" is to grant a motion for leave to amend "even if doing so renders moot the motion to dismiss, rather than granting the motion to dismiss and rendering moot the motion for leave") (quotations omitted), and Defendant Cummins Inc.'s Answer to Complaint and Affirmative Defenses, Dkt. No. 29.

Second, Plaintiff Wright's First Motion to Amend, Dkt. No. 14, is construed in substance as the filing of an Amended Complaint as of right, which includes an additional claim for breach of warranty, pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure. *See Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000) (courts must interpret *pro se* submissions "broadly"). As such, Defendant Cummins Inc.'s Opposition to Plaintiff's Motion to Amend the Complaint, Dkt. No. 17, is improper.

Third, Plaintiff Wright's Second Motion to Amend, Dkt. No. 21, is construed in substance as a motion for leave to amend the complaint for a second time pursuant to Rule 15(a)(2), which requires leave of court or the consent of the opposing party. The motion is unopposed by Defendant Cummins Inc., Dkt. No. 22, but Defendant Mitsubishi HC Capital America has not provided the required written consent necessary to bypass court approval. *See* Fed. R. Civ. P.

15(a)(2); *Doe v. Benjamin Zaremski M.D., P.C.*, 21 Civ. 3187 (ER), 2022 WL 2966041, at *2 (S.D.N.Y. July 27, 2022) (court resolves motion to amend after failure to obtain defendants' consent). Additionally, the motion is missing any attachment which could be construed as the required proposed second amended complaint. *See Thomas v. Venditto*, 925 F.Supp.2d 352, 366 (E.D.N.Y. 2013) ("any motion to amend must attach the proposed amended complaint specifying the new claims and/or defendants [the plaintiff] intends to add") (quotation omitted).

Fourth, both Defendants' Answers, Dkts. No. 26 and No. 29, are improper to the extent that they respond to the initial complaint, Dkt No. 1. The Amended Complaint replaced the initial complaint as the operative complaint prior to the filing of the Answers. Defendant Mitsubishi HC Capital America is granted leave to refile their counterclaim, included in Dkt. No. 26, in future pleadings after resolution of Plaintiffs Second Motion to Amend as detailed below.

Fifth, Plaintiff Wright's Answer to Answer/Counterclaim, Dkt. No. 32 is therefore improper as well.

To proceed with clarity, Plaintiff Wright is directed to file a proposed second amended complaint incorporating the additional claims and the new defendant detailed in Plaintiff Wright's Second Motion to Amend, Dkt. No. 21, within 14 days of the entry of this order. Plaintiff should re-file his Second Motion to Amend, Dkt. No. 21, and attach the new proposed second amended complaint. Plaintiff is specifically directed to submit the proposed second amended complaint in the format of the initial complaint, Dkt. No. 1, and to support each of his claims with factual allegations. Plaintiff is permitted to include only the allegations and claims discussed in his Second Motion to Amend, Dkt. No. 21, and should not include additional allegations or claims. Once the proposed second amended complaint is filed, Defendant Mitsubishi HC Capital America will have 14 days to either provide its written consent to the proposed second amended complaint

or file its opposition to the motion. If consent is given, the proposed second amended complaint will be entered as the operative complaint, and thereafter, defendants shall answer or move to dismiss that amended complaint within the time allotted under the Federal Rules of Civil Procedure. If no consent is filed after 14 days, or if Defendant Mitsubishi HC Capital America opposes the motion, the court will issue a ruling on Plaintiff Wright's Second Motion to Amend, Dkt. No. 21. If the Court denies the motion and no second amended complaint is entered, Defendants will have 21 days from the denial of the motion to adjust their answers to correspond to the appropriate operative amended complaint, Dkt. No. 14, which asserts an additional claim for breach of warranty.

After resolution of Plaintiff's Second Motion to Amend, Defendants will have the opportunity to reassert their affirmative defenses and counterclaim in their answer to the operative complaint.

**IT IS SO ORDERED.**[1]

Dated: August 30, 2024
      Albany, New York

_____
Anne M. Nardacci
U.S. District Judge

---

[1] The Court also orders the Clerk to serve a copy of this Order on all parties in accordance with the Local Rules. The Clerk shall also provide Plaintiff with copies of all unreported decisions herein.